UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

The Huntington National Bank,
a national banking association,
successor to Fidelity Bank,
and Community Bank of Dearborn,

        Plaintiff,

vs.

Automation Properties L.L.C., First Parker
Realty L.L.C., Lancaster & York, L.L.C., and
Christopher M. Redding,

        Defendants.

Case No. 13-15201
Hon. Victoria A. Roberts

_____/

**ORDER DENYING WITHOUT PREJUDICE RECEIVER'S AMENDED MOTION TO CONFIRM AND APPROVE MARKETING AND SALES PROCEDURE AND SALE OF RECEIVERSHIP PROPERTY [ECF NO. 28]**

**I.   Introduction**

Plaintiff alleges Defendants breached their obligations under certain loan documents. The parties stipulated to the appointment of M. Shapiro Development Company, LLC as the Receiver for property that includes several lots in Pontiac, Michigan, commonly known as 49730 Woodward Avenue and Murray, Pontiac, MI 48342 (jointly referred to as "Receivership Property"). Mark S. Kassab is the Senior Vice President and Authorized Representative the Receiver. The Reciver seeks an order approving its marketing and sales procedure and confirming the sale of the Receivership Property for a sum of $100,000.

The Motion is **DENIED WITHOUT PREJUDICE**.

1

**II.     Discussion**

The sale of realty is governed in part, by 28 U.S.C. §2001(b). It says:

(b) After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

28 U.S.C. §2001(b).

The Receiver does not fully address the requirements of this statute. In support of its motion, the Receiver says it actively and diligently marketed the property for sale through a broker in accordance with 28 U.S.C. §2001(a) and §2002 and found a cash buyer willing to purchase the Receivership Property for $100,000. However, those statutory provisions pertain to a public sale and do not apply to private sales.

While there is a stipulated order which waives the appraisal requirement, Defendants contest the sale because: (1) no evidence is presented that the terms of the sale were published in a newspaper; and (2) because a better offer was made. Defendants attach emails between counsel for the parties in which Defendants offer to purchase the Receivership Property for an amount equal to net proceeds plus $10,000. According to these emails, Defendants' offer was rejected. Neither the Receiver nor Plaintiff filed a reply rebutting Defendants' arguments.

The purpose of the safeguards in 2001(b) is to prevent "the opportunity for frauds in private sales . . ." and this purpose cannot be effected if non-compliance with these requirements is permitted. *Acadia Land Co v. Horuff*, 110 F.2d 354, 354-355 (5th Cir.1940).

Neither the Motion nor supporting affidavit addresses the publication requirement of the statute. Defendants say they made an offer for the Receivership Property that is greater than the amount offered by the third party purchaser, and neither the Receiver nor the Plaintiffs discuss the validity of this allegedly higher offer.

Under these circumstances, the Court cannot approve the sale. The Motion is **DENIED WITHOUT PREJUDICE**.

### III. Conclusion

The Receiver's Amended Motion to Confirm and Approve Marketing and Sales Procedure and Sale of Receivership Property is **DENIED WITHOUT PREJUDICE**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 23, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 23, 2016.

s/Linda Vertriest
Deputy Clerk